UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.                                                                    CRIMINAL NO. 3:05-CR-23-KHJ-ASH

CHARLES BROOKS PERRY

ORDER

On March 7, 2005, Defendant Charles Brooks Perry pleaded guilty to a criminal information charging him with possession of child pornography. On July 1, 2005, he was sentenced to serve 24 months in the custody of the Bureau of Prisons (BOP), to be followed by a three-year term of supervised release. According to the BOP's website, he was released from their custody in 2007. He has now filed a pro se one-page motion seeking a copy of his Presentence Investigation Report (PSR). Mot. [22]. As explained below, the Court denies the motion.

Perry correctly notes that under Federal Rule of Criminal Procedure 32(e), "a defendant has the right to review the Presentence Investigation Report prepared in his case." Mot. [22]. But Rule 32(e) requires disclosure to the defendant "at least 35 days before sentencing." Fed. R. Crim. P. 32(e). And "after sentencing, presentence reports are not public documents and are typically maintained under seal." *United States v. Scott*, No. 2:20-CR-17-TBM-MTP, 2025 WL 3252325, at *2 (S.D. Miss. Aug. 27, 2025) (citing *In re Siler*, 571 F.3d 604, 610 (6th Cir. 2009), and *Ashworth v. Bagley*, 351 F. Supp. 2d 786, 789 (S.D. Ohio 2005)). Perry cites no authority suggesting that, nearly twenty-one years after his sentencing hearing, Rule 32 entitles him to *additional* copies. He also cites no authority demonstrating he is entitled to a copy of his PSR at the Government's expense. *See United States v. Delgado*, No. C-08-104(2), 2015 WL 1034241,

at *2 (S.D. Tex. Mar. 10, 2015) ("An indigent defendant has a statutory right to free court documents when he can establish that the documents are needed to decide an issue in a pending suit and that the suit is not frivolous." (citing 28 U.S.C. § 753(f))).

More significantly, Perry has not shown the Court has jurisdiction to entertain his request: The Court entered judgment on July 13, 2005, and Perry neither appealed nor challenged his conviction and sentence through a § 2255 petition. Additionally, his term of supervised release ended over 15 years ago. Order [21] (extending term of supervised release, which began on March 22, 2007, to a total of four years). "Because the cause was terminated, the . . . [C]ourt lack[s] jurisdiction to grant [Perry's] motion requesting" a copy of his PSR. *United States v. Carvajal*, 989 F.2d 170, 170 (5th Cir. 1993).

Perry has failed to point to any authority supporting his claim that he is entitled to additional copies of his PSR. More importantly, he has failed to demonstrate why the Court would have jurisdiction over this request over a decade after his criminal case concluded. His motion [22] is therefore denied.

**SO ORDERED AND ADJUDGED** this the 18th day of June, 2026.

s/ *Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE

2